UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
************************************
Antonia Lavallee                   *
Plaintiff                          *
                                   *    Case No. _____
v.                                 *
                                   *
ACP Facility Services, Inc.        *
Defendant                          *
************************************
```

## COMPLAINT

The Plaintiff, "(Lavallee)" complains against the Defendant, ACP Facility Services, Inc. (ACP )stating as follows:

1. At all times herein mentioned, Lavallee was and continues to be, a resident of 36 Prescott Road, Brentwood, Rockingham County, New Hampshire 03833.

2. Upon information and belief, and all times herein mentioned, the Defendant ACP is registered to do business within the State of New Hampshire and has a business address of 12 Gil, suite # 1700, Woburn Massachusetts 01801.

## JURISDICTION

3. Plaintiff brings her Complaint under Federal Diversity Jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in in citizenship and the amount in controversy exceeds $75,000.00.

1

## **STATEMENT OF THE FACTS**

4. On July 9, 2017, Lavallee was legally on the premises of the Rockingham Mall located in Salem, New Hampshire.

5. Lavallee was walking on the common areas of the Rockingham Mall, specifically walking in front of a Kids Gap store located within the Rockingham Mall.

6. As Lavallee was walking in front of the store, she slipped on a wet substance, falling to the ground and sustained serious personal injuries.

7. Lavallee was utilizing due diligence and care while walking in the common areas.

8. Lavallee did not see the warning sign or any indication that the surface she was approaching just before she fell was wet.

9. As a result of the incident, Lavallee suffered serious and debilitating personal injuries, both and physical and mental suffering that included but not limited to injuries a right sub-capital hip fracture, injuries to her lower extremities and lower back injury.

10. As a direct and proximate result of the incident, Lavallee incurred and will continue to incur medical expenses.

11. As a further direct and proximate result of the incident, Lavallee continues to suffer pain and suffering, both mental and physical, adversely affecting her ability to enjoy life and continues to suffer severe and grievance personal injuries of a permanent and lasting nature, precluding her from attending to her usual duties and will continue to suffer personal injuries, both physical and mentally, forcing Lavallee to undergo intensive and expensive medical care, forcing to incur past, present and future medical bills in order to alleviate her pain and suffering, debilitated her from work for many months or/and experiences horrific memory of the incident occurred.

## **STATEMENT OF THE CLAIM**

12. ACP, its agents and employees, were under a duty to exercise reasonable care under a contractual arrangement in operators of the premises which was open to the public, to the valley and other similar situated which duty included but was not limited to, a duty to keep the premises reasonably safe, prevent a buildup of water or water build up in the common area to avoid creating a hazardous and dangerous situation and to prevent persons lawfully on the premises to be subjected to unreasonable risks of harm.

13. ACP was under the duty to exercise reasonable care in the maintenance of the premises, supervision and care of the premises so that Lavallee, and other similar situated, were not subjected to unreasonable risks of harm.

14. ACP breached the above referenced duty by failing to properly maintain the premises, prevent water from whatever sort developing a water build up failing to notify persons legally on the premises of the hazardous and dangerous situation, failing to provide pack card putting the persons legally on the premises on notice of the dangerous situations or otherwise take reasonable steps which would have minimized the risks that persons lawfully on the premises would be face with.

15. Lavallee demands full and final judgment in the form of full, fair and adequate compensation for her damages and all matters be resolved by a jury trial of her peers.

Respectfully Submitted,

Antonia Lavallee
By Her Attorneys,

BACKUS, MEYER & BRANCH, LLP

Dated: 5/14/2019   By: /s/John A. Wolkowski
John A. Wolkowski, Esq.
Bar #: 2779
116 Lowell Street
Manchester, NH 03104
(603) 668-7272